COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 NO. 2-02-285-CR 
 
 
ISAIAH TURNER                                                                    APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Isaiah Turner was convicted by a jury of the felony offense of 
aggravated kidnaping under the theory that he knowingly abducted the victim 
without her consent by using or threatening to use a deadly weapon. Tex. 
Penal Code Ann. § (2)(b) (Vernon 2003). The jury then assessed punishment 
at 99 years’ confinement after determining that appellant had previously been 
convicted of the offense of burglary of a habitation. Two points are presented 
on appeal: (1) whether the evidence is legally and factually insufficient to 
support the verdict; and (2) whether appellant received ineffective assistance 
of counsel. 
        We begin by addressing the legal sufficiency challenge presented in point 
one. In reviewing the legal sufficiency of the evidence to support a conviction, 
we view all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate
facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal
sufficiency review, we may not sit as a thirteenth juror, re-evaluating the
weight and credibility of the evidence and, thus, substituting our judgment for
that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1131 (2000).
        The record reflects that appellant attempted to lure the victim, R.M., a 
fourteen-year-old girl, into his car as she walked home from school by first 
asking her if she wanted a ride. After she refused appellant changed his tactics 
and attempted to force her into the car first by threatening her with weapons, 
then by getting out of the car and chasing her down on foot. After catching 
R.M. appellant took her to his car, put her inside, and drove away, during which 
time he attempted to sexually assault R.M. with his fingers. After R.M. opened 
the door while the car was moving and prepared to jump out, appellant pushed 
her out of the car following which she sustained an injury when the rear tire ran 
over her foot. 
        Appellant’s specific argument is that the evidence was legally insufficient 
because the victim of the kidnaping, R.M., provided contradictory accounts of 
whether she was in fear when appellant threatened to shoot her with a gun: 
Q. And what happened when the car came back?
 
A. He started trying to talk to me and stuff and threatening 
me and stuff, and I was like, scared, but I wasn’t really scared, you 
know. I was, like, he was just – he was just playing joking around. 
 
Q. What were the type of things he was saying to you? 
 
A. Just threats, like, you know, he had weapons in the car 
and stuff. 
 
Q. Did he tell you he had a gun? 
 
A. Yes, sir. 
 
Q. Now, when did you think [he] was serious? 
 
A. Well, he – he started following where he got [out of] the 
car.
 
Q. The man got out of his car? 
 
A. Yes, sir. And I started walking faster and then just 
started running. 

        We hold this sufficiency standard was met through the introduction of the 

evidence reviewed above. Viewing the evidence in the light most favorable to
the verdict, we hold the jury was authorized to find that Appellant threatened
the use of deadly force when he threatened R.M. with a gun in an attempt to
coerce her into his vehicle. 
        We similarly find the evidence sufficient to sustain the verdict against 
appellant’s factual sufficiency challenge. Under the factual sufficiency test we 
are required to view all of the evidence in a neutral light, favoring neither party. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 
922 S.W.2 126, 129, 134 (Tex. Crim. App. 1996). The evidence is factually 
insufficient if it is so weak as to be clearly wrong and manifestly unjust or the 
adverse finding is against the great weight and preponderance of the available 
evidence. Johnson v. State, 23 S.W.3d at 11. Here, evidence that appellant 
threatened R.M. with a gun in an attempt to force her into his vehicle was 
sufficient proof under the factual sufficiency standard that appellant threatened 
the use of deadly force, the sole element contested by appellant on appeal. 
Point one is overruled. 
        In point two appellant contends trial counsel rendered ineffective 
assistance of counsel when he failed to request a charge at the punishment 
phase asking the jury to determine whether he released the victim voluntarily 
and in a safe place, a circumstance under which the offense would be 
punishable as a second degree felony. Tex. Penal Code Ann. § 20.04 (Vernon 
2003).
        We apply a two-pronged test to ineffective assistance of counsel claims. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, 
appellant must show that his counsel's performance was deficient; second, 
appellant must show the deficient performance prejudiced the defense. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
        In evaluating the effectiveness of counsel under the first prong, we look 
to the totality of the representation and the particular circumstances of each 
case. Thompson, 9 S.W.3d at 813. The issue is whether counsel's assistance 
was reasonable under all the circumstances and prevailing professional norms 
at the time of the alleged error. Strickland, 466 U.S. at 688-89, 104 S. Ct. at 
2065. “[C]ounsel is strongly presumed to have rendered adequate assistance 
and made all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 
814. Our scrutiny of counsel's performance must be highly deferential, and 
every effort must be made to eliminate the distorting effects of hindsight. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 
        The second prong of Strickland requires a showing that counsel's errors 
were so serious that they deprived the defendant of a fair trial, i.e., a trial 
whose result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
appellant must show there is a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been different. 
Id. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability 
sufficient to undermine confidence in the outcome. Id. The ultimate focus of 
our inquiry must be on the fundamental fairness of the proceeding whose result 
is being challenged. Id. at 697, 104 S. Ct. at 2070. 
        Appellant’s specific complaint is that a jury instruction on voluntary 
release in a safe place, if requested, would have been required because: 
She was let out directly in front of an occupied house, in broad
daylight, in a neighborhood which she was intimately familiar with. 
The fact that the car rolled over her ankle does not impute any
culpability to Turner, as even the [S]tate does not allege that
[R.M.’s] injuries were caused by Turner’s intentional conduct. 

        We disagree. The fact that appellant pushed R.M. out of a moving car 
would have been sufficient reason to reject any proposed charge on voluntary 
release in a safe place (even if it were not for the fact that the car ran over her 
ankle) because regardless of the weather conditions or neighborhood the vehicle 
was traveling through at the time of the “release,” the additional admitted 
circumstance that the victim was in immediate additional peril when she was 
shoved from the moving car made the “voluntary release in a safe place” 
instruction inapplicable. We find nothing improper in trial counsel’s failure to 
request such an instruction. Point two is overruled. 
        The trial court’s judgment is affirmed. 
                                                                  PER CURIAM 
PANEL F:   DAVID L. RICHARDS, J. (Sitting by Assignment); DAY and 
LIVINGSTON, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 2, 2003